

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 31, 2023.**

_____
**CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-52983-cag |
| | § | |
| ISAAC GRIEGO and | § | CHAPTER 13 |
| REBECCA CISNEROS GRIEGO, | § | |
| | § | |
| Debtors. | § | |

| | | |
|---|---|---|
| ISAAC GRIEGO and | § | |
| REBECCA CISNEROS GRIEGO, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | ADV. NO. 22-05035-cag |
| FGMS HOLDINGS, LLC, | § | |
| | § | |
| AND | § | |
| | § | |
| OVATION SERVICES, LLC | § | |
|     Defendants. | § | |

**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AMENDED ANSWERS AND COUNTERCLAIMS: ECF #42 AND ECF #43 (ECF NO. 45)**

Came on to be considered Plaintiffs Isaac Griego and Rebecca Cisneros Griego's Motion

1

to Strike Defendants' Amended Answers and Counterclaims: ECF #42 and ECF #43 ("Motion to Strike") (ECF No. 45[1]). In response to the Motion to Strike, Defendants FGMS Holdings, LLC and Ovation Services, LLC ("Ovation") filed their Objection to the Motion to Strike ("Objection") at ECF No. 50. The Court took the matter under advisement without the necessity of a hearing. For the reasons stated below, the Court GRANTS the Motion to Strike.

## BACKGROUND

Plaintiffs Isaac Griego and Rebecca Cisneros Griego ("Griegos") along with Trustee Mary Viegelahn initiated this adversary proceeding on April 28, 2022 with the filing of their Complaint. (ECF No. 1). In response, Ovation filed a Motion for More Definite Statement under Federal Rule of Civil Procedure ("Rule(s)") 12(e). (ECF No. 7). The Court held a hearing on the Motion for More Definite Statement and denied the motion at the hearing. The Court further ordered that a responsive pleading be filed by Ovation within 14 days. (ECF No. 14).

Twelve days later, Ovation filed its Motion to Dismiss Complaint with Prejudice under Rules 12(b)(1) and 12(b)(6). (ECF No. 16). The Griegos filed a response to the Motion to Dismiss and Ovation filed a reply. (ECF Nos. 17 and 18). After a hearing on the Motion to Dismiss, the Court granted in part and denied in part the Motion to Dismiss. (ECF No. 29). As part of this order, the Court dismissed Count 1 of the Complaint with prejudice and dismissed Trustee Mary Viegelahn as a plaintiff for lack of standing. (*Id.*)

Shortly after the order on the Motion to Dismiss, the Court entered its Order Setting Briefing Deadlines establishing February 14, 2023 as the deadline for Ovation to file an answer to the remaining counts in the Complaint. (ECF No. 31). On February 14, 2023, Ovation filed its

---

[1] "ECF" denotes electronic filing docket number.

Answer to Complaint and Counterclaims. (ECF No. 33). In accordance with Local Rule 7016, the Court issued its scheduling order after the filing of the answer. (ECF No. 37).

Three days after the issuance of the scheduling order, Ovation filed another Answer to Complaint and Counterclaims, though it was not styled as an amended answer. ("First Amended Answer and Counterclaims" or "FAC") (ECF No. 38). On March 17, Defendants filed two more pleadings called Answer to Complaint and Counterclaims. (ECF Nos. 41 and 42). Neither pleading was styled as amending the original answer and counterclaims. Ovation admits that these two pleading are duplicates and that counsel inadvertently neglected to attach the desired exhibits to ECF No. 41, thus necessitating the filing of ECF No. 42. Neither ECF No. 41 nor ECF No. 42 have exhibits attached to them. For simplicity, the Court will refer to these iterations of the Answer/Counterclaims collectively as the Second Amended Counterclaims ("SAC"). On March 29, 2023, Ovation filed a pleading it called Third Amended Answer to Complaint and Counterclaims ("TAC"). (ECF No. 43). Of all the counter-complaints Ovation filed, only the TAC had exhibits attached to it.

In response to the assertion of counterclaims, the Griegos filed their answer (ECF No. 44) responding directly to the SAC at ECF No. 41. Contemporaneously, the Griegos filed this Motion to Strike. After reviewing the Motion to Strike, the Court issued an Order Setting Briefing Deadlines, allowing Ovation to respond to the Motion to Strike, but disallowing any reply by the Griegos. Ovation filed its Objection on April 26, 2023. (ECF No. 50).

## DISCUSSION

The Motion to Strike requests that the Court strike ECF Nos. 42 and 43 under Rule 12(f) as redundant, under Rule 1 as failing to comply with the requirement of a speedy adjudication of disputes, and under Rule 15(a)(1) as failing to move for leave to amend.

In its response, Ovation provides little legal argumentation, but rather explains the reasons for the multiple filings, to include the health and availability of Counsel's paralegal. Additionally, Ovation argues that the Griego's answer to its operative counterclaims will be late if the Court strikes Ovation's amended pleadings. Ovation insists that it tried on multiple occasions to reach out to Counsel for the Griegos to explain the situation and come to an agreement on which Answer/Counterclaims was the operative one. These efforts failed.

*Rule 12(f) Redundancy*

Rule 12(f) is made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b). Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While some courts have construed 12(f) as allowing a whole pleading to be stricken rather than just portions of it, the Fifth Circuit has maintained that motions under 12(f) "should be sparingly used." **U.S. v. Coney**, 689 F.3d 365, 379 (5th Cir. 2012) (quoting **Augustus v. Bd. Of Pub. Instruction of Escambia Cnty., Fla.**, 306 F.2d 862, 868 (5th Cir. 1962)).

When motions to strike under 12(f) are filed, courts are loathe to strike pleadings if the challenged pleading is "'directly relevant to the controversy at issue' and is at least 'minimally supported.'" **Brown v. Aetna Life Ins. Co.,** 2013 WL 3442042, at *2 (W.D. Tex. July 8, 2013) (quoting *Augustus*, 306 F.2d at 868). In other words, pleadings should only be stricken when there

4

is "no possible relation to the controversy." *Brown*, 2013 WL 3442042, at *2 (quoting *Augustus*, 306 F.2d at 868). Some bankruptcy courts in this Circuit have simplified the test to two factors: "[t]o succeed under Rule 12(f), the movant must meet the 'high bar' of showing (1) that the challenged allegations are 'so unrelated to the claims as to be unworthy of any consideration;' and (2) that their presence would be prejudicial to the moving party." *Fugitt v. Miss. Dep't of Revenue (In re Fugitt)*, 2014 WL 3888281, at *14 (Bankr. S.D. Miss. Aug. 8, 2014) (quoting *Adams Cnty. Water Ass'n, Inc. v. City of Natchez, Miss.*, 2012 WL 463740, at *2 (S.D. Miss. Feb 13, 2012)).

The Court finds that Rule 12(f) is an improper vehicle to achieve the Griegos' desired result. The text of the rule implies that its purpose is to strike certain defenses or causes of action, not whole pleadings. Additionally, the Court takes seriously the Fifth Circuit's announcement that 12(f) Motions to Strike should be used sparingly. The answers and counterclaims filed by Ovation are directly relevant to the controversy and supported with evidence. While they may be duplicative in some respects (both parties agree no new causes of action were added in any amended pleadings), they are still relevant. The Court is weary of striking the pleadings on this basis in the absence of case law supporting a legal theory that would allow for striking the pleading as redundant.

*Rule 1 Speedy Adjudication of Disputes*

After a thorough search, the Court was unable to find a single case in any United States jurisdiction deciding a motion to strike a pleading based on Rule 1. The Griegos provided scant legal argumentation regarding the basis for such a motion. Accordingly, the Court finds that Rule 1 is an insufficient legal basis to request that a pleading be stricken based on failure to adhere to the "speedy" adjudication standard in Rule 1.

*Rule 15(a) Leave to Amend*

Rule 15 is made applicable to adversary proceedings by Fed. R. Bankr. P. 7015. Rule 15 prescribes the procedures for a party to amend its pleading. Rule 15(a)(1)(A), for example, allows a party to amend its pleading once as a matter of right "within 21 days after serving it." For any subsequent amendments, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, the Griegos oppose the filing of Ovation's Second Amended and Third Amended Counterclaims because Ovation did not receive written consent from the Griegos or leave from the Court as required by Rule 15(a)(2). Because each of Ovation's pleadings were filed before the deadline for the Griegos to respond to the prior counterclaims, the Griegos assert that the multiple filings required them to respond to a "moving target." (ECF No. 45).

There is no evidence that Ovation obtained written consent from the Griegos to amend its pleadings beyond the first amendment which was as of right under Rule 15(a)(1). To date, Ovation has not filed a Motion for Leave to amend its pleading for either the Second Amended Counterclaims or the Third Amended Counterclaims. Consequently, the Court will not analyze whether giving leave to amend is appropriate, as there is no motion for leave currently on file. Because Ovation does not have written consent, nor did it ask for leave from the Court, Ovation's filings at ECF No. 42 (SAC) and ECF No. 43 (TAC) are improper and should be stricken. Though the Griegos did not include it in their motion, the Court is of the opinion that the first Second Amended Counterclaims at ECF No. 41 should also be stricken for the same reasons. Because ECF No. 41 is now stricken, the Griegos' answer at ECF No. 44 is now moot.

In deciding this motion, the Court heavily considered the prejudice to either party. On one hand, the Court agrees that from the Griego's perspective, having an amended answer and counterclaims filed days before the deadline to answer the previous pleading amounts to a moving target. The Court also considered the prejudice to Ovation by mandating it revert to its FAC. The Court carefully reviewed the pleadings for the differences between each iteration of the pleading. Most of the differences between the pleadings amount to what the Court would call "minor edits" (changing tenses, cleaning up grammar, updating language, etc.). The Court did identify one major change from the FAC to the SAC: Ovation bolstered the legal argument behind its counterclaims by adding references to cases and further legal argument. Nothing prohibits the Court from considering these updated legal arguments at trial. The facts alleged and the causes of action are identical. The answers to the Griegos claims also did not change. If the exhibits support the answer/counterclaims, they should have been attached in earlier iterations of the pleading. In conclusion, Ovation failed to adhere to Rule 15 in amending its pleadings and thus the operative answer/counterclaim is ECF No. 38.

Finally, the Court addresses Ovation's argument that the answer deadline for the now operative answer/counterclaims has passed and any answer to the counterclaims would at this point be late. In its objection to the Motion to Strike, Ovation insinuates that it can now seek a default because there is no answer to ECF No. 38, the now operative counter-complaint. In its Objection, Counsel for Ovation stated that she "could move to strike Plaintiffs' April 6 answer [and] seek a default pursuant to FRBP 7055(a)." (ECF No. 50). Counsel for Ovation is misguided. As already discussed, each successive pleading from Ovation was filed before the deadline to answer or otherwise defend against the previously operative counterclaims lapsed. For example, Ovation first filed its counterclaims on February 14, meaning the deadline for the Griegos to respond was March

7

7. On February 26, Ovation filed its FAC. The deadline for the Griegos to respond to the FAC was March 19. On March 17, Ovation filed its SAC. Ovation cannot file amended pleadings days before the deadline without leave from the Court and then hold the Griegos to a deadline that was extended by Ovation's own pleadings. Now that the Court has identified which counter-complaint controls, the Court will give the Griegos 14 days in which to answer the counterclaims.

## CONCLUSION

In sum, the Court strikes pleadings ECF No. 41, 42, 43 because Ovation failed to obtain written consent from the parties or ask for leave from the Court. This directly violates Rule 15(a). Accordingly, the operative Answer and Counterclaims is the First Amended Answer/Counterclaims filed at ECF No. 38. Notwithstanding Counsel for Ovation's representations regarding the reasons for failing to ask for leave, the Court observes that Rule 15(a) is clear that parties can amend further "*only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added). Ovation did not meet the requirements to file more than one amended pleading. The Court recognizes that the rest of Rule 15(a)(2)—as well as Fifth Circuit case law—strongly recommends granting leave to amend "when justice so requires." Given the minimal changes to the stricken pleadings, the Court is not of the opinion that justice requires giving Ovation leave to amend. As discussed, the Court will give the Griegos 14 days to respond to the counterclaims at ECF No. 38—the now operative countercomplaint.

Accordingly, IT IS ORDERED that Plaintiff's Motion to Strike Amended Answers and Counterclaims: ECF #42 and ECF #43 (ECF No. 45) is GRANTED.

IT IS FURTHER ORDERED that Ovation's Answer to Complaint and Counterclaims (ECF No. 43) is STRICKEN.

IT IS FURTHER ORDERED that Ovation's Answer to Complaint and Counterclaims (ECF No. 42) is STRICKEN.

IT IS FURTHER ORDERED that Ovation's Answer to Complaint and Counterclaims (ECF No. 41) is STRICKEN.

IT IS FURTHER ORDERED that the Griegos have 14 days from the entry of this order in which to file an answer to Ovation's Answer to Complaint and Counterclaims (ECF No. 38).

# # #